1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHA'NEE MALDONADO, | CASE NO.   1:12-cv-0671-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| R.H. TRIMBLE, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

Plaintiff Billy Ray Sha'Nee Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on April 27, 2012.  (Compl., ECF No. 1.)  No other parties have appeared.  Plaintiff's Complaint is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

1  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2       A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

4  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

5  mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ____ U.S. ____, ____, 129

6  S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

7  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

8  plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

9  Facial plausibility demands more than the mere possibility that a defendant committed

10  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

11  Id. at 1949-50.

12  **II.    PLAINTIFF'S CLAIMS**

13       Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where

14  the alleged underlying events occurred.  Plaintiff names the following individuals as

15  defendants: 1) R.H. Trimble, warden, 2) J. Morgan, CCII Appeals Coordinator, 3) D.

16  Foreman, CCII Appeals Coordinator, 4) L. Harton, CCII Appeals, and 5) California

17  Department of Corrections.

18       His allegations are as follows:

19       Plaintiff has a problem urinating and has not been properly treated for this condition.

20  (Compl. at 4.)  A prison doctor failed to acknowledge the condition, Plaintiff was not taken

21  to the medical clinic when he reported the problem, and the medications prescribed for the

22  condition have not been effective.  (Id. at 5.)

23       On November 4, 2011, Plaintiff was indirectly asked to provide a urine sample but

24  was unable to do so.  (Compl. at 4.)  At an unspecified time, Correctional Officer Green

25  retaliated against Plaintiff for not providing the sample by taking away some of Plaintiff's

26  privileges.  (Id.)

27  **III.   ANALYSIS**

28       **A.    Section 1983 Claims**

1   Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
2   or immunities secured by the Constitution and laws' of the United States." <u>Wilder v.</u>
3   <u>Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983
4   is not itself a source of substantive rights, but merely provides a method for vindicating
5   federal rights conferred elsewhere.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

6   To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
7   a right secured by the Constitution or laws of the United States was violated, and (2) that
8   the alleged violation was committed by a person acting under the color of state law.  <u>See</u>
9   <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cnty.</u>, 811 F.2d 1243, 1245
10  (9th Cir.1987).

11  **B.**   **Linkage Requirement**

12  As an initial issue, Plaintiff has not stated a claim against any named defendants
13  because he has not linked them to any violation of his rights.

14  Under § 1983, Plaintiff must demonstrate that each named defendant personally
15  participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir.
16  2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely
17  and commonly used by both courts and litigants alike, is a misnomer.  <u>Iqbal</u>, 129 S. Ct. at
18  1949. "Government officials may not be held liable for the unconstitutional conduct of their
19  subordinates under a theory of respondeat superior." <u>Id.</u> at 1948.   Rather, each
20  government official, regardless of his or her title, is only liable for his or her own
21  misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or
22  her own individual actions, violated Plaintiff's constitutional rights. <u>Id.</u> at 1948–49.

23  Plaintiff has not alleged facts demonstrating that any defendant took any action to
24  violate Plaintiff's constitutional rights.  Plaintiff shall be given the opportunity to file an
25  amended complaint curing the deficiencies in this respect.  In his amended complaint,
26  Plaintiff needs to specifically link all named defendants to a violation of his rights.

27  **B.**   **Defendant CDCR**

28  Plaintiff names CDCR as a defendant.

1
2
3
4
5
6
7
8

The Eleventh Amendment prohibits suits against state agencies.  See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity; Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Defendant CDCR is a state agency, and as a state agency, it is entitled to Eleventh Amendment immunity from suit. Because this Defendant is immune from suit, Plaintiff cannot recover from it.

9
10

If Plaintiff chooses to file an amended complaint, he should omit CDCR as a defendant.

11

### C.   First Amendment - Retaliation

12

Plaintiff seeks to allege a retaliation claim against unspecified defendants.

13
14
15
16
17
18

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

19
20
21
22

Plaintiff has not linked any defendants to this claim.  It appears that Plaintiff would like to allege than an individual retaliated against him by taking away certain privileges because Plaintiff could not provide a a urine sample.  Taking away privileges constitutes an adverse action.

23
24
25
26
27
28

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct."  Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.

2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

With respect to the third prong, filing a grievance is protected action under the First Amendment.  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is also protected under the First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff has not satisfied the second or third prongs.  Plaintiff has not alleged that he engaged in any First Amendment protected conduct that prompted prison officials to take adverse actions against him.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Plaintiff has satisfied this prong because taking away an inmate's privileges would chill a person of ordinary firmness.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.  From Plaintiff's limited facts alleged so far it is unclear if prison officials had a legitimate goal when they took certain privileges away from Plaintiff.  In his amended complaint, Plaintiff should explain whether or not there was a valid goal for prison officials' actions.

Plaintiff will be given leave to file an amended complaint.  In his amended complaint, he should link named defendants to his retaliation claim, include additional details

regarding the alleged retaliation, and explain how he can satisfy all of the required prongs for a retaliation claim.

### D. Eighth Amendment - Inadequate Medical Care

Plaintiff also appears to allege a claim of inadequate medical care against unspecified individuals.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has alleged a serious medical condition. He alleges that he has problems urinating and requires medical treatment for this condition. Plaintiff has alleged that failure to treat this condition could and did result in additional pain.

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

(quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In Plaintiff's limited pleading, he has failed to linked any defendant to this claim and so has not allege that any defendant was deliberately indifferent to his medical needs. Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care.

It also is noted that Plaintiff complains that the medications prescribed for his urinary problems were not effective. This allegation belies his claim he was not provided with any treatment for his urinary condition. Plaintiff may, on amendment, undertake to explain and reconcile these conflicting statements. (He may not simply disavow the former.)

Plaintiff will be given leave to amend this claim. In his amended complaint, he should specify whether any specific individual intentionally acted or failed to act in response to Plaintiff's medical needs. Plaintiff should explain who was deliberately indifferent, when this indifference occurred, how the individual(s) were deliberately indifferent, and generally describe the alleged indifference in greater detail. If he can not truthfully claim that defendants provided no treatment, but instead provided treatment that was simply ineffective, he should so state and include facts suggesting, if true, that defendants knowingly provided ineffective treatment.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

1    Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana,</u>

2  <u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987),

3  and it must be "complete in itself without reference to the prior or superceded pleading,"

4  Local Rule 220.

5    Accordingly, it is HEREBY ORDERED that:

6  1.    The Clerk's Office shall send Plaintiff a complaint form;

7  2.    Plaintiff's Complaint, filed April 27, 2012, is dismissed for failure to state a

8         claim upon which relief may be granted under § 1983;

9  3.    Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file

10        an amended complaint; and

11 4.    If Plaintiff fails to file an amended complaint in compliance with this Order, this

12        action will be dismissed, with prejudice, for failure to state a claim.

13

14

15 IT IS SO ORDERED.

16 Dated:   September 21, 2012         /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28