UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BILLY RAY SHA'NEE MALDONADO, | CASE NO. 1:12-cv-0671-LJO-MJS (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS COLEMAN AND FORTUNE AND RECOMMENDING REMAINING CLAIMS AND PARTIES BE DISMISSED |
| v. | |
| R.H. TRIMBLE, et al., | (ECF No. 12) |
| Defendants. | FOURTEEN DAY OBJECTION DEADLINE |
| / | |

Plaintiff Billy Ray Sha'Nee Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared

Plaintiff initiated this action on April 27, 2012. (ECF No. 1.) The Court dismissed, with leave to amend, Plaintiff's initial Complaint for failure to state a claim. (ECF No. 9.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim, but again gave leave to amend. (ECF Nos. 10 & 11.) Plaintiff has filed a Second Amended Complaint. (Am. Compl., ECF No. 12.) Plaintiff's Second Amended Complaint is now before the Court for screening.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. **PLAINTIFF'S CLAIMS**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where the alleged events giving rise to this claim occurred. Plaintiff names the following individuals as defendants: 1) N. Greene, Correctional Officer at PVSP, 2) Doctor Coleman, physician's assistant at PVSP, and 3) Doctor Junior Fortune, physician's assistant at PVSP.

His allegations are as follows:

When Plaintiff was transferred to PVSP in 2006, he had a "urinary health condition" that required treatment. (Am. Compl. at 3.) Defendant Coleman saw Plaintiff for this condition on July 16, 2008 and prescribed terazosin, which was not effective. (Id.) Plaintiff saw Defendant Coleman again on September 5, 2008, and told him that the medication had been ineffective. (Id.) Defendant Coleman, without examining Plaintiff, prescribed the

same medication. (Id.) On August 26, 2011, Plaintiff saw Defendant Fortune who also failed to examine Plaintiff, told him to continue taking terazosin, and refused to give Plaintiff pain medication. (Id. at 4.) Plaintiff continues to suffer from this condition. (Id. at 3.)

On November 4, 2011, Defendant Greene asked Plaintiff to provide a urine sample. (Am. Compl. at 4.) When Plaintiff was unable to do so because of his condition, Defendant Greene gave him a disciplinary CDC 115 for failing to urinate. (Id.) Plaintiff lost certain privileges as a result of the disciplinary report. (Id.)

Plaintiff asks for $1,700,000 in compensatory and punitive damages. (Am. Compl. at 3.)

### III. ANALYSIS

#### A. Section 1983 Claims

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. First Amendment - Retaliation

Though the pleading is not clear, it appears Plaintiff seeks to allege a retaliation claim against Defendant Greene.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

-3-

advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that disciplinary reports were filed against him and he lost privileges. Both constitute adverse actions.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). In claiming that he was the recipient of adverse disciplinary action specifically because of his failure to urinate as directed, Plaintiff has alleged causation. However, as discussed below, that does not mean that his exercise of a protected right was the cause of the adverse action.

Thus, with respect to the third prong, Plaintiff continues to fail to allege that he was retaliated against because of the exercise of a constitutional right. He has identified nothing to suggest that the disciplinary action came in response to his efforts to engage in a protected right or that any protected activity motivated Defendant Greene's actions. Plaintiff thus has failed to satisfy the second and third prongs of a retaliation claim.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.

Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff has satisfied this prong because taking away an inmate's privileges and filing disciplinary reports against him would chill a person of ordinary firmness.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. From Plaintiff's facts alleged so far it cannot be said clearly whether or not prison officials had a legitimate goal when they took Plaintiff's privileges. He has in any event, failed to satisfy all prongs required for a retaliation claim.

Plaintiff previously was advised of the deficiencies in his complaint and of what was necessary to correct them. The fact that he has not corrected them is reason to conclude he cannot. No useful purpose would be served in advising him again and giving him another chance to try to correct the pleading. He will not be given further leave to amend this claim.

### C. Eighth Amendment - Inadequate Medical Care

Plaintiff also appears to allege a claim of inadequate medical care against Defendants Fortune and Coleman.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has alleged a serious medical condition. He alleges that he has problems

urinating, that he requires medical treatment for the condition, and that failure to treat the condition could and did result in additional pain.

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that he saw Defendants Coleman and Fortune for his medical condition several times, but they refused to examine him and change his medication even after Plaintiff told them that his current medication was ineffective. Plaintiff continues to suffer from this condition. From Plaintiff's allegations, it appears that Defendants Coleman and Fortune were deliberately indifferent to his medical condition.

Plaintiff has stated a cognizable Eighth Amendment inadequate medical care claim against Defendants Coleman and Fortune.

## IV.  CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment claim for inadequate medical care against Defendants Fortune and Coleman. Plaintiff has failed to state a First Amendment retaliation cliam against Defendant Greene.

Plaintiff was previously provided with the legal standards applicable to his federal claims and given leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Further leave to amend as to the

federal claims is not warranted.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be allowed to proceed on his Eighth Amendment claim for inadequate medical care against Defendants Coleman and Fortune;
2. Plaintiff's First Amendment claim be DISMISSED; and
3. Defendant Greene be DISMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  November 30, 2012          /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE